UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NAVEX GLOBAL, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>RICHARD A. STOCKWELL, JR.,<br><br>  Defendant. | Case No. 1:19-cv-00382 -DCN<br><br>**ORDER** |

## I. INTRODUCTION

Pending before the Court is NAVEX Global, Inc.'s ("NAVEX") Motion for Temporary Restraining Order. Dkt. 6. NAVEX seeks to enforce a noncompete agreement it had with Richard Stockwell, who, until recently, was a senior sales executive for NAVEX. For the reasons set forth below, the Court GRANTS NAVEX's Motion for a Temporary Restraining Order.

## II. LEGAL STANDARD

A plaintiff seeking a preliminary injunction or a temporary restraining order ("TRO") "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1114 (9th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)). A preliminary

injunction and a TRO generally serve the same purpose of "preserv[ing] the status quo ante litem pending a determination of the action on the merits." *See* Fed. R. Civ. P. 65; *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).

A key difference between a TRO and a preliminary injunction is its respective duration. A TRO typically does not last for more than twenty-eight (28) days without good cause, while a preliminary injunction may extend until the end of the lawsuit, which could be months, if not years. *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156 n. 1 (D. Or. 2018). A court may issue a TRO without a hearing and without notice to the adverse party, but only under certain conditions. Fed. R. Civ. P. 65(b).

### III. DISCUSSION

Here, NAVEX, a company involved in providing SaaS risk and compliance solutions, claims that it carefully safeguards its proprietary information. NAVEX further claims that Stockwell worked for NAVEX and had access to such proprietary information. NAVES alleges that, as a part of that employment, Stockwell executed a "Confidentiality, Invention Assignment, Non-Compete and Arbitration Agreement," promising, among other things, to not compete with NAVEX for eighteen (18) months after his termination or to divulge proprietary information. Dkt. 7, at 5–6. Now, it appears that Stockwell has been hired by Whispli, a direct competitor of NAVEX. Further, NAVEX claims that Stockwell is still in possession of one of NAVEX's company computers, which includes trade secrets and proprietary information.

If Stockwell begins to work for a direct competitor, not only could this violate an agreement between the parties, but it places at substantial risk NAVEX's proprietary information. Thus, based on the arguments and exhibits the Court has reviewed, the Court finds that (1) NAVEX is likely to succeed on the merits, (2) NAVEX is likely to suffer irreparable harm in the absence of a TRO, (3) the balance of the equities tips in NAVEX's favor, and (4) a TRO is in the public interest.

As this TRO is being issued with notice,[1] it is not bound by the fourteen-day time restraint outlined in Rule 65. *See* Fed. R. Civ. P. 65(b); *Innovation Law Lab*, 310 F. Supp. 3d at 1156 n. 1. However, the Court does not wish to extend the TRO longer than necessary. As such, the parties shall inform the Court no later than November 1, 2019, at 3:00 PM Mountain Daylight Time of their availability in regards to a hearing date for a preliminary injunction.[2] Should either party fail to contact the Court by that time, the Court may unilaterally set a date and time for a hearing. In any event, it is the Court's intention to hold the hearing on a preliminary injunction within twenty-eight (28) days from the issuance of this order. *See Innovation Law Lab*, 310 F. Supp. 3d at 1156 n. 1. Once a hearing date has been determined, the Court will set an expedited briefing schedule for the motion for a

---

[1] NAVEX filed this motion on October 11, 2019. On that day, counsel for NAVEX informed the Court that it wished to allow Stockwell time to obtain counsel and pursue negotiations before seeking an order on the motion. On October 15, 2019, counsel for NAVEX further informed the Court that Stockwell had obtained counsel and the parties were attempting to negotiate a resolution. After the parties were unable to reach a resolution, they requested to move forward with the TRO. The Court originally intended to hold a hearing on the instant motion, but the parties disagreed as to when the hearing should be held. As the threat of irreparable injury loomed large, and with Stockwell seeking to delay any hearing, the Court decided to vacate the hearing and issue this order.

[2] The parties may use Tony Budge, Judge Nye's law clerk, as a point of contact.

preliminary injunction.

Pursuant to Rule 65(c), NAVEX is required to post a security bond of $10,000.

## IV. ORDER

**IT IS HEREBY ORDERED THAT:**

1. NAVEX's Motion for Temporary Restraining Order is GRANTED, and until this Court orders otherwise, for the next twenty-eight (28) days, or until such time as the parties agree in writing to amend, supersede, or terminate this TRO:

   a. Stockwell shall refrain from, and immediately cease, his employment and/or any other business relationship with Whispli, or any other direct competitor of NAVEX.

   b. Stockwell shall immediately return his NAVEX laptop, and refrain from using or disclosing any NAVEX trade secrets in his possession.

2. NAVEX shall post a $10,000 security bond, pursuant to Federal Rule of Civil Procedure 65(c), which shall remain posted until such time that the TRO is dissolved.

DATED: October 31, 2019

David C. Nye
Chief U.S. District Court Judge